## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**CONNIE MARSHALL**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:05CV-280-S**

**JERRY BOWLES, JUDGE**                                              **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Connie Marshall filed a *pro se* complaint alleging violations of federal and state law (DN 1). Because she is proceeding *in forma pauperis*, *see* DN 4, the Court must *sua sponte* screen the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff alleges that throughout the proceedings of a family court case in Jefferson County, Judge Jerry Bowles violated "Title 18," the First and Fourteenth Amendments to the United States Constitution, and state law. She sues Judge Bowles in his individual and official capacities. As relief, she seeks $5,000,000.00 in damages, and she asks this Court to overturn any decisions made by Judge Bowles, to remove Judge Bowles from the bench, to grant her custody of her three grandchildren, to grant her a new hearing, and to grant her immediate visitation with her grandchildren.

In the complaint, Plaintiff describes purported wrongs committed by presiding Judge Jerry Bowles in Jefferson Family Court Case No. 01-fc-0584 in 2001, 2002, and 2005. In 2001, alleges Plaintiff, she filed "Visitation and Custody Papers" in the Family Court case before her daughter's rights were terminated but did not receive due process in Judge Bowles's court.

Plaintiff then broadly claims that in 2002, the case was "sealed illegally"; that she was "illegally barred out of her case" because of false claims, defamation, libel and slander; and that she filed a motion for enlargement of time, on which Judge Bowles never ruled.  She also claims that in 2002, because Judge Bowles would not make a decision in the case, her grandchildren were left in the home of an abusive foster parent for about nine months, during which time "the disabled child was beaten, made to stand in a barn and made to go without food" and the other children were also being abused.  Plaintiff also claims that Judge Bowles covered up the crimes of two social workers and a guardian *ad litem*.

Plaintiff more specifically alleges that on January 14, 2002, she arrived 15 minutes early to the courthouse but was denied her right to go to court, and she claims that on January 18, 2002, "[a]n illegal court order was entered stating that people were present that were not." Further, claims Plaintiff, on March 5, 2002, she and her attorney again arrived timely for court but were denied their right to go to court and another "illegal court order" was signed and entered.  Lastly, she alleges that in October 2002, her cable show was illegally stopped by Judge Bowles, without a court order.

Finally, as to the 2005 claims, Plaintiff reports that on April 11, 2005, Judge Bowles denied her access to court; that on April 18, 2005, "[t]here was another attempt to keep [her] out of court, but [she] persisted, as she filed a 'Motion for Recusal'"; and that on May 11, 2005, she was denied due process as Judge Bowles "is aware that he cannot sat on the bench in this case, however, he still has not signed the 'Motion for Recusal,' which would allow the Plaintiff to appeal his decision, if necessary."

2

## II.  LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III.  ANALYSIS

### A.  Title 18

By Plaintiff's alleging a violation of "Title 18," the Court presumes she is referring to Title 18 of the United States Code pertaining to "Crimes and Criminal Procedure."  To the extent Plaintiff cites to Title 18 in an attempt to bring criminal charges against Judge Bowles, the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion

3

to decide whether to prosecute a case."); *Williams v. Luttrell*, No. 03-5950, 2004 WL 1193955, at *2 (6th Cir. May 27, 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, No. 00-5384, 2001 WL 278284, at *1 (6th Cir. Mar. 15, 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). And, to the extent Plaintiff may seek civil remedies under Title 18, she has not cited to any criminal statute giving rise to any private civil cause of action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Leach v. Manning*, 105 F. Supp. 2d 707, 717 (E.D. Mich. 2000).

Accordingly, Plaintiff's Title 18 claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## B. 42 U.S.C. § 1983

Plaintiff next alleges violations of the First and Fourteenth Amendments to the United States Constitution. "[I]t is unnecessary and needlessly redundant," however, "to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. *Id.* Because Plaintiff alleges that Judge Bowles, a state court judge, violated her federal constitutional rights under the First and Fourteenth Amendments, the Court construes those claims as being brought under 42 U.S.C. § 1983.

4

## 1.  **Previously litigated 2001 and 2002 claims**

In the instant action ("*Marshall II*"), Plaintiff alleges that Judge Bowles violated her

federal constitutional rights during the proceedings in Jefferson Family Court Case No. 01-fc-

05084.  The Court's records reveal that on February 4, 2003, Plaintiff previously filed a federal

action against Judge Jerry Bowles, *see Marshall v. Bowles*, Civil Action No. 3:03CV-70-H

("*Marshall I*"), alleging claims and facts arising out of Jefferson Family Court Case No. 01-fc-

05084, essentially mirroring the 2001 and 2002 claims and facts raised in the instant complaint.[1]

In a Memorandum and Order entered May 8, 2003, the Court noted that while the complaint was

rather vague, the action appeared to be a collateral attack on a state court action which was never

properly appealed.  *Marshall I* at DN 21.  The Court dismissed the action with prejudice on

various grounds:  res judicata, absolute judicial immunity, the Federal Courts Improvement Act

of 1996, and the *Rooker-Feldman* doctrine.  *Id.*  Plaintiff filed an appeal, and by mandate issued

May 3, 2004, the Sixth Circuit affirmed the decision of the district court.  *Id.* at DN 28.  "A fair

reading of the complaint," the Sixth Circuit noted, "reveals that Marshall's federal case is an

impermissible appeal of state court judgments as it raises specific grievances regarding decisions

of a Kentucky domestic relations court."  *Id.*  For this reason, the Sixth Circuit concluded that

this Court "lacked jurisdiction over any challenge Marshall [was] making to the legal

---

[1]In the *Marshall I* complaint, Plaintiff alleged violations of due process, freedom of speech and the right to petition government, and the right to attorney representation (DN 1).  She further alleged conspiracy and the entry of illegal and fraudulent court orders (DN 1).  Factually, as summarized by the Court in its Memorandum and Order entered May 8, 2003, Plaintiff's prior complaint alleged that Judge Bowles denied her access to a sealed parental rights case file, that he somehow issued a gag order and stopped her cable show, that he failed to sign an order filed by her in court, and that he issued an illegal order apparently disposing of the case (DN 21).  Additionally, like the allegations in the present case, Plaintiff, in *Marshall I*, also alleged that neither she or her attorney were allowed in court and that although she reported that one of her grandchildren was neglected and abused, Judge Bowles did nothing and ruled for the Cabinet (DN 1).

proceedings held in Judge Bowles's court." *Id.* The Court of Appeals further found that even if subject matter had existed, Judge Bowles was entitled to judicial immunity. *Id.*

Because Plaintiff is presently attempting to relitigate her 2001 and 2002 claims against Judge Bowles for his purported actions and inactions during Jefferson Family Court Case No. 01-fc-05084, the doctrine of res judicata comes into play to bar such an attempt. "The general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it." *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). As the Supreme Court has stated, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). A claim is barred under the doctrine of claim preclusion/res judicata when the following four elements exist: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), *cert. denied*, 517 U.S. 1220 (1996).

Each of the four elements is present in the instant case. First, the above-recited history of *Marshall I* clearly demonstrates that Plaintiff received a final adjudication on the merits. Second, she is suing the same party, Judge Jerry Bowles, as she sued in her earlier action. Third, the prior court ruled on her current 2001 and 2002 allegations and found that the action was barred by the *Rooker-Feldman* doctrine, or alternatively, by the doctrine of absolute judicial immunity. Finally, there is an identity of causes of action. Consequently, Plaintiff's 2001 and 2002 claims against Judge Jerry Bowles will be dismissed on res judicata grounds.

Alternatively, the Court finds that any of the 2001 and 2002 federal constitutional claims arising under § 1983 are barred by the applicable one-year statute of limitations.  *See Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (concluding that in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1)(a)).  Thus, those claims will also be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

## 2. <u>2005 claims</u>

As to the 2005 claims, Plaintiff alleges that Judge Bowles, in case no. 01-fc-0584, has yet to sign a motion for recusal and denied her access to court at 11:30 a.m. on April 11, 2005.[2] First, the Court notes that a judge rules on motions and does not sign them. Notwithstanding this distinction, the Court finds that Plaintiff fails to demonstrate how Judge Bowles's delay in ruling on the pending motion constitutes any constitutional violation.  And to the extent Plaintiff may be asking this Court to issue a writ of mandamus directing Judge Bowles to rule on the pending motion for recusal, this Court is without authority to issue such extraordinary relief.  *See Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.").

As to Plaintiff's claim that her "United States Constitutional Right to go to court" was violated when Judge Bowles would not allow her in the courtroom, her claim is vague and conclusory and must be dismissed.  "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state

---

[2]Plaintiff alleges that she was "at the court building, but not allowed in court."

law.  Some factual basis for such claims must be set forth in the pleadings." *Id.*  A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'"  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)).  Allegations premised upon mere conclusions and opinions, such as those advanced by Plaintiff, fail to state an adequate claim.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (finding that bare and conclusory allegations that a defendant personally deprived a plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim).  Plaintiff merely claims that she was not allowed in the courtroom.  There are simply no facts establishing that she had a hearing, a trial or any other matter scheduled before Judge Bowles on April 11, 2005, and the Court's records reveal that case no. 01-fc-0584 was dismissed over three years ago in 2002.[3]

The 2005 claims will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Alternatively, the official capacity claims for monetary damages are barred by the Eleventh Amendment, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment), and the individual capacity claims for monetary damages are barred by

---

[3]State court documents filed in *Marshall I* demonstrate that Plaintiff's petition for custody of her grandchildren (case no. 01-fc-0584) was dismissed in 2002 and that the appeal of that decision was dismissed as untimely by the Kentucky Court of Appeals by order entered August 23, 2002.  *See Marshall I*, DN 6, Ex. 1, *Marshall v. Cabinet for Families and Children*, 2002-CA-000718-MR (Ky. Ct. App. Aug. 23, 2002) ("[A]ction no. 01-FC-005084, which is a petition for child custody that [Marshall] filed in July 2001,. . . . was finally adjudicated by order entered January 18, 2002.  [Marshall] did not file a notice of appeal within thirty [] days thereafter.").

the doctrine of absolute judicial immunity.  *Stump v. Sparkman*, 435 U.S. 349 (1978).  As to Plaintiff's claims for injunctive relief, she has failed to demonstrate any ongoing violation by Judge Bowles that the Court may enjoin.  And, her request for this Court to overturn all of Judge Bowles's decisions so that she may either have custody of or visitation with her grandchildren or a new hearing on those issues is barred by the *Rooker-Feldman* doctrine (as previously found by this Court in the prior action and affirmed by the Sixth Circuit).  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *In re Singleton*, 230 B.R. 533, 536 (6th Cir. 1999) ("[F]ederal trial courts have only original subject matter, and not appellate, jurisdiction [and] ... may not entertain appellate review of [or collateral attack on] a state court judgment."); *see also Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) ("[T]he *Rooker-Feldman* doctrine [] appl[ies] to interlocutory orders and to orders of lower state courts.").[4]

## C.  State-law claims

In the complaint, Plaintiff asserts state-law claims of defamation, libel, slander, and false claims.  Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  As the Court has dismissed all federal claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.  28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Having

---

[4]In the unlikely event that the 2002 final judgment in the presently contested, state court child custody action has been reopened and is again pending in state court, abstention is appropriate.  *See Younger v. Harris*, 401 U.S. 37 (1971).

declined to entertain the state-law tort claims, the Court nonetheless adds that those claims are

clearly subject to summary dismissal on the basis of absolute judicial immunity.

      The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
         Defendant
4411.005